**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PREMIER ONE HOLDINGS, INC., | 2:13-CV-895 JCM (GWF) |
| Plaintiff(s), | |
| v. | |
| BAC HOME LOANS SERVICING LP, et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendant BAC Home Loans Servicing LP motion to dismiss. (Doc. # 2).  Plaintiff Premier One Holdings, Inc. filed a response in opposition (doc. # 9), and the defendant filed a reply (doc. # 14).

**I.       Background**

In 2006, non-parties Conrado and Catherne Teotico obtained a mortgage loan for $305,992 from Countrywide Home Loans, Inc.  The loan was secured by a deed of trust recorded on May 31, 2006.  The deed of trust encumbers real property located at 3825 Pastel Ridge Street in Las Vegas, NV.

The deed of trust names Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary.  On or about August 15, 2009, MERS assigned the deed of trust to defendant BAC Home Loans Servicing ("BAC Home Loans"). Countrywide Home Loans Servicing LP is the successor by merger to BAC Home Loans, meaning that it currently holds the deed of trust.

James C. Mahan
U.S. District Judge

1    On January 4, 2012, Canyon Springs Homeowner Association recorded a notice of lien

2 against the property for HOA assessments that the Teoticos never paid.  Canyon Springs HOA

3 recorded a notice of default and election to sell under the HOA lien on February 27, 2012.  The HOA

4 delinquent assessments totaled $3,190.47.  At a foreclosure sale on December 14, 2012, plaintiff

5 purchased the property for $13,700.

6    Plaintiffs filed this lawsuit in state court after purchasing the property at the foreclosure sale.

7 The clams are for quiet title and for "cancellation of instruments."  Defendants removed to this court.

8 **II.    Legal Standard**

9    A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

10 be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

11 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

12 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

13 allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

14 of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual

15 allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus,

16 to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

17 to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

18    In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

19 considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

20 in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id*. at 1950.

21 Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

22 suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

23 allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when the plaintiff's

24 complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

25 liable for the alleged misconduct.  *Id*. at 1949.

26    Where the complaint does not "permit the court to infer more than the mere possibility of

27 misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   *Id.* (internal quotations and alterations omitted).  When the allegations in a complaint have not

2   crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550

3   U.S. at 570.

4        The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

5   1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

6   allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

7   but must contain sufficient allegations of underlying facts to give fair notice and to enable the

8   opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

9   plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

10   be subjected to the expense of discovery and continued litigation." *Id.*

11   **III.    Discussion**

12        Plaintiff argues that a properly conducted foreclosure pursuant to NRS 116.3116 permits an

13   HOA's lien for delinquent assessments to extinguish a first position deed of trust.  Defendant argues

14   that a properly conducted foreclosure sale pursuant to NRS chapter 116 does not extinguish a first

15   position deed of trust.  The court agrees with defendant.

16        "In Nevada, HOAs have immediate liens against real property when HOA assessments or

17   other costs against a unit become delinquent."  *Bayview Loan Servicing, LLC v. Alessi & Koenig,*

18   *LLC*, no. 2:13-cv-00164-RCJ, 2013 WL 2460452, at *3 (D. Nev. June 6, 2013) (citing NRS

19   1163.3116(1)).  Under the NRS chapter 116 statutory scheme, an HOA lien is prior to all other liens

20   and encumbrances on a unit except " a first security interest on the unit recorded before the date on

21   which the assessment sought to be enforcement became delinquent. . . ." NRS 116.3116(2)(b).

22        "Also relevant is NRS 116.3116(2)©, which carves out a limited exception to NRS

23   116.3116(2)(b)."  *Weeping Hollow Ave. Trust v. Spencer*, no. 2:13-cv-00544-JCM-VCF, 2013 WL

24   2296313, at *5 (D. Nev. May 24, 2013).  Subsection (2)© states in relevant part that an HOA lien

25   "is also prior to all security interests described in paragraph (b) to the extent of any charges incurred

26   by the association on a unit pursuant to NRS 116.310312 and to the extent of assessments for

27   common expenses based on the periodic budget adopted by the association pursuant to NRS

28

**James C. Mahan**
**U.S. District Judge**

1   116.3115 which would have become due in the absence of acceleration during the 9 months

2   immediately preceding institution of an action to enforce the lien . . . ."  NRS 116.3116(2)©.

3   NRS 116.3116(2)© creates a super priority lien "to the extent of" charges incurred by the

4   HOA pursuant to NRS 116.310312 (the cost of removal or abatement of a public nuisance related

5   to the unit at issue), NRS 116.3115 (assessments for common expenses), or, for nine months of

6   regular HOA dues immediately proceeding a foreclosure or trustee sale.  The words "to the extent

7   of" are words of limitation and limit the amount of the HOA lien that is given "super priority" status

8   over a first security interest.  The only part of the HOA lien that is a super priority lien is the part

9   expressly provided for in NRS 116.3116(2)©, which are charges and/or fees pursuant to NRS

10  116.3110312, NRS 116.3115, and nine months of regular HOA dues that became due "immediately

11  preceding institution of an action to enforce the lien."  No other part of an HOA lien is prior to or

12  given super priority status above a first security interest.

13  The super priority lien affords an HOA significant protections.  First, the HOA may foreclose

14  on the property with delinquent assessments (either through a non-judicial or judicial action) to

15  recover its lien, and the limited super priority lien is superior to the first position deed of trust.  If an

16  HOA forecloses on the property, then the purchaser takes the property subject to the prior security

17  interest.  *See Weeping Hollow*, 2013 WL 2296313; *First 100, LLC v. Wells Fargo Bank, N.A.*, no.

18  13-cv-431-JCM-PAL, 2013 WL 3678111 (D. Nev. July 11, 2013).  The HOA foreclosure does not

19  extinguish the prior deed of trust even if part of the HOA lien qualifies as a limited super priority lien

20  under subsection (2)©.  *Id.*

21  Second, the HOA may wait until the bank (or other holder of the note and deed of trust)

22  forecloses on the property.  In such a case, the first cut of the proceeds from the sale must be paid

23  to satisfy the super priority amount of the HOA lien and the remainder of the proceeds are dedicated

24  to satisfying the first position deed of trust (and thereafter and junior liens in accordance with

25  payment priorities).

26  Either option affords the HOA protections to recover a portion of its assessments.  However,

27  if the HOA pursues the first course of action and conducts a foreclosure pursuant to NRS chapter

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    116, the HOA foreclosure does not extinguish the first position deed of trust.  The purchaser at the

2    HOA foreclosure takes the property subject to the first security interest.

3    **IV.    Absurd Results**

4            Every federal court in this district to decide this issue has held that an HOA's super priority

5    lien does not extinguish a first position deed of trust.  *See Diakonos Holdings, LLC v. Countrywide*

6    *Home Loans, Inc.*, no. 2:12-cv-00949-KJD-RJJ, 2013 WL 531092 (D. Nev. Feb. 11, 2013); *Bayview*

7    *Loan Servicing, LLC v. Alessi & Koenig, LLC*, no. 2:13-cv-00164-RCJ, 2013 WL 2460452 (D. Nev.

8    June 6, 2013); *Weeping Hollow Ave. Trust v. Spencer*, no. 2:13-cv-00544-JCM-VCF, 2013 WL

9    2296313 (D. Nev. May 24, 2013); *Kal-Mor-USA, LLC v. Bank of America, N.A.*, no. 2:13-cv-0680-

10   LDG-VCF, 2013 WL 3729849; *see also Centano v. Mortgage Electronic Registration Systems, Inc.*,

11   no. 2:11-cv-02105-GMN-RJJ, 2013 WL 3730528 (D. Nev. Aug. 28, 2012) (relying on, and

12   justifiably so, the importance of the chronological order of recordation dates in a bank's deed of trust

13   and an HOA's assessment); *but see SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A. et al*,

14   no. 2:13-cv-01153-APG-PAL (granting injunctive relief in favor of the HOA).

15           This court is aware that some state courts have interpreted the NRS 116.3116 in a way that

16   permits the HOA super priority lien to extinguish the bank's prior deed of trust, even though most

17   state courts have agreed with the interpretation of the federal courts.  This court is also aware that

18   the Nevada Supreme Court has granted injunctions that enjoin a bank from foreclosing or conducting

19   a trustee sale if an HOA has foreclosed on its super priority lien under the statute.

20           "Generally, when a statute's language is plain and its meaning clear, the courts will apply that

21   plain language." *Leven v. Frey*, 123 Nev. 399, 403, 168 P.3d 712, 715 (Nev. 2007).  The plain and

22   clear meaning of the statute is that it affords an HOA a super priority lien of nine months of

23   delinquent assessments, but nothing more than that.  The plain language of the statute does not

24   permit an HOA foreclosure of its super priority lien to extinguish a prior recorded deed of trust.

25           However, even if the statute were ambiguous, there is still only one acceptable interpretation

26   of the statute.  "[A] statute's language should not be read to produce absurd or unreasonable results."

27   *Levin*, 168 P.3d at 716; *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982) ("It is true

28

**James C. Mahan**
**U.S. District Judge**

that interpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available."); *U.S. v. Casasola*, 670 F.3d 1023, 1029 (9thCir. 20112) ("Our law, however, recognizes the principle that courts do not construe statutes in a manner that would lead to absurd results."). To construe NRS 116.3116 to permit an HOA foreclosure to extinguish a first position deed of trust would be an absurd result for at least the following four reasons.

First, from a practical standpoint, to permit an HOA delinquent assessment, which normally arises years after the recordation of the deed of trust, and the amount of the HOA delinquent assessment will almost always be a small fraction of the amount outstanding under the note and deed of trust, would be completely absurd.[1] Further, "Nevada is a race notice state." *Buhecker v. R.B. Petersen & Sons Const. Co., Inc*, 112 Nev. 1498, 1500, 929 P.2d 937, 939 (Nev. 1996) (citing NRS 111.320; 111.325)). Permitting an HOA super priority lien to wipe out a prior deed of trust contravenes the principles and purpose of a race-notice jurisdiction. The court finds that it would be unjust and absurd to permit an HOA super priority lien to extinguish a first position deed of trust, and potentially violate due process.[2]

The court finds it instructive to demonstrate how the absurdity that would result in this case from a contrary interpretation of the statute. In this case, the delinquent assessments comprising the HOA lien totaled $3,190.47. The court will assume that the entire $3,197.47 qualifies as the super priority lien under NRS 116.3116(2)©, though it is not clear the entire $3,197.47 would even qualify as super priority under the statute. The deed of trust is for $305,992. The HOA lien is worth approximately one-one hundredth (1/100) of the value of the deed of trust. Additionally, the deed

---

[1] This is true even though, in the wake of the subprime lending induced mortgage crises, banks are not sympathetic defendants. However, it is also true that, at least in this district, HOAs are not sympathetic defendants either. *See, e.g., USA v. Alcantar et al*, 2:12-cr-00113-JCM-VCF; *USA v. Priola*, 2:13-cr-00016-APG-VCF.

[2] In a hearing on a temporary restraining order on this exact issue in a different case, *see First 100, LLC v. Wells Fargo Bank*, 2:13-cv-431-JCM, (doc. # 24), counsel for the HOA argued that an HOA might have a cause of action for unjust enrichment against the bank if the court declined to grant the injunction in favor of the HOA to enjoin the bank's trustee sale. The easy answer is no. The tougher answer is if a bank with a prior deed of trust would have a cause of action for unjust enrichment against an HOA if the HOA foreclosure under NRS 116.3116 extinguished the bank's prior deed of trust.

1   of trust was recorded on or about May 31, 2006.  The HOA recorded its lien on or about January 4,

2   2012, which is about five and one half years after the recordation of the deed of trust.  To permit an

3   HOA lien recorded five and one half years later and worth one-one hundredth of the value of the first

4   security interest to completely extinguish the first security interest would be an absurd result.

5          Second, courts that have held in favor of the HOAs on this issue have reasoned that

6   permitting an HOA super priority lien to extinguish a prior recorded deed of trust would incentivize

7   the banks to foreclose at a faster pace.  This logic misunderstands greater points, but, more

8   importantly, encourages a first option by the bank–foreclosure or trustee sale by the bank–which

9   should not be the first option.[3]

10         A bank like this defendant has made thousands of loans, potentially tens of thousands, in this

11  district to allow Nevada residents to purchase homes.  A bank like this defendant has easily made

12  tens of thousands of loans across the country to home purchasers.  Meanwhile, an HOA's scope is

13  limited to a single neighborhood or two.  As a practical manner, it is much easier for an HOA to be

14  the first entity to act at the first sign of distress by a homeowner.  An HOA is monitoring, at most,

15  a few dozen properties.  A bank must monitor tens of thousands of properties, so it is more difficult

16  for a bank to be quicker to foreclose than an HOA.

17         Additionally, courts should not incentivize banks to foreclose on property at the first sign of

18  distress.  Banks should be encouraged to work with homeowners so that the bank may recoup as

19  much of its loan as possible and the homeowner can remain in the home.  Banks should also be

20  encouraged to participate in a program like the State of Nevada Foreclosure Mediation Program

21  (FMP) in good faith.  Banks have considerations that an HOA does not have when considering

22  foreclosure, such as: if the property value on the market is fluctuating; the homeowner's long term

23  ability to pay back the loan; and, whether the bank should allocate resources first to foreclosing on

24  property owners with no chance at paying back their mortgage versus working with home owners

25  that may merely be struggling to pay back their mortgages.  An HOA has none of these

26

27         [3] This is especially true in Nevada, which experiences one of the highest percentage rates of foreclosures in the

28  country.

James C. Mahan
U.S. District Judge                                    - 7 -

1   considerations and merely wants to collect its statutorily entitled fees in the easiest manner possible.

2   Third, it would be absurd to elevate an HOA super priority lien over other entities that collect

3   from a homeowner because the HOA takes the smallest amount of risk among the creditors and

4   provides the least (both in volume and in importance) amount of services to the homeowner.  A

5   homeowner must pay primarily three fees associated with the purchase of a home.  First, the

6   homeowner must pay his or her mortgage.  The lender bank should get the first cut and the first to

7   be paid back because the lender (1) finances the entire, or a significant amount of, the purchase of

8   the property, and (2) takes the greatest amount of risk in lending to the homeowner.  Second, a

9   homeowner must pay taxes on the property.  These taxes contribute to state and local services that

10  are greatly beneficial to a homeowner (such as public schools, roads, police, and firefighters).  Third,

11  the homeowner must pay fees and assessments if they live within the jurisdiction of an HOA.

12  However, the HOA does not take any risk associated with the purchase of the property and does not

13  advance a significant amount of money to the homeowner.  The services provided by an HOA are

14  luxuries, not necessities.  And, in any event, many neighborhoods function fine without the services

15  of an HOA.  The HOA, in exchange for a small amount of services, levies a surcharge on the

16  homeowner based on little more than the street on which the homeowner lives.  It would be absurd

17  to elevate the entire HOA lien over a bank considering the comparatively small amount of risk taken

18  by the HOA to finance the purchase of the property, the small amount of services provided by an

19  HOA compared to the other entities seeking to collect from a homeowner, and the small amount (if

20  any) capital advanced by the HOA to the homeowner.

21  Fourth, it would be absurd to permit an HOA foreclosure to extinguish a bank's deed of trust

22  because it would risk plunging the local economy back towards a recession.  Banks will not lend

23  money to buy houses when their deed of trust could be eliminated by HOA charges.

24  Mortgage lenders would become extremely reluctant to originate loans for properties in this

25  state that are part of an HOA since the lender would face the threat of having its deed of trust

26  extinguished by a subsequent HOA lien.  This would negatively affect a potential homeowner's

27  ability to buy in an HOA neighborhood because the risk would be too great for the lender.  Lenders

28

**James C. Mahan**
**U.S. District Judge**

- 8 -

would become, and understandably so, hesitant and cautious about lending to the purchaser of a property in an HOA neighborhood in this state.   The construction of NRS 116.3116 which extinguishes the prior deed of trust would restrict a potential homeowner's options.   If the buyer could not pay for the majority of the property with the buyer's own money, then the buyer would likely be forced to purchase a home in a non-HOA neighborhood.[4]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 2) be, and the same hereby, is GRANTED.   The clerk of the court shall enter judgment and close the case.

DATED August 9, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

---

[4]   Along this same vein, it is arguably better for the HOA if its super priority lien does not extinguish the first security interest.  It would likely become very difficult to sell a home in an HOA neighborhood to any purchaser other than an all (or almost all) cash buyer.  Lenders would likely decline to make loans to purchase a home in an HOA neighborhood.  If HOAs get the construction of the statute that they seek, it could lead to a number of indefinite "for sale" signs in their neighborhoods.  Of course, it is possible that all cash buyers would buy the HOA properties.  However, the vast majority of the time, all cash buyers are buying the property for investment purposes and would rent out the home.  HOAs seek homeowners, not renters that are either indifferent or unaware of the HOA.  It is in the HOAs best interest if the super priority lien does not extinguish the first position deed of trust.

**James C. Mahan**
**U.S. District Judge**

- 9 -